UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MAGISTRATE JUDGE

EDUARDO AFRICANO,

    Plaintiff,

vs.

CITY OF SOUTH MIAMI, FLORIDA,
a municipal corporation,

    Defendant.
_____/

MAGISTRATE JUDGE
BROWN

**COMPLAINT AND DEMAND FOR JURY TRIAL**

FILED BY 99 APR 22 PM 3:  
CARLOS JUENX  
CLERK U.S. DIST.  
S.D. OF FLA.-MIAMI



Plaintiff, Eduardo Africano ("Africano"), sues Defendant, City of South Miami, Florida ("South Miami"), pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq. (the "Act").

1. Plaintiff, Eduardo Africano, is a resident of Dade County, Florida.

2. South Miami is a municipal corporation organized and existing under the laws of the State of Florida, a public agency doing business in Dade County, Florida, and within the jurisdiction of this Court.

3. This action is brought to recover from Defendant, South Miami, overtime wages, as well as an additional amount in liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. §201 et. seq., and specifically under the provisions of 29 U.S.C. §216(b).

4. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337, and by Title

-1-

29 U.S.C. § 216(b).

5. Defendant, South Miami, was, at all times pertinent to this Complaint, engaged in interstate commerce. At all times pertinent to this Complaint, Defendant, South Miami, operated a Youth Academy, which was an activity of a public agency.

6. By reason of the foregoing, Defendant, South Miami, was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

7. Plaintiff, Africano, was hired by Defendant, South Miami, as a case manager and was so employed until February 26, 1999. By reason of such employment Plaintiff, Africano, was employed by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a). The work performed by Plaintiff was directly essential to the business activities of a public agency, the Defendant, South Miami, which was directly essential to the business performed by Defendant. Plaintiff, by virtue of his activities, was engaged in commerce.

8. At all times material hereto, Defendant failed to comply with the Act, in that Plaintiff performed services for Defendant, but no provision was made by Defendant to properly pay time and one-half for hours worked in excess of forty (40) hours per work week.

## COUNT I

### RECOVERY OF OVERTIME WAGES

9. Plaintiff readopts and realleges all of the allegations contained in paragraphs 1 through 8 above, as if fully set forth herein.

10. Plaintiff, Africano is entitled to be paid overtime compensation for all work weeks in which he worked in excess of forty (40) hours per workweek.

11. Plaintiff, Africano worked in excess of forty (40) hours per work week, but was not paid time and one-half the regular rate for hours worked in excess of forty (40).

12. Defendant, South Miami's, failure to pay Plaintiff in accordance with the Act was not based on reasonable grounds and was not in good faith.

13. By reason of the said lack of reasonable grounds and good faith of Defendant, South Miami, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees. As a result of Defendant, South Miami's, lack of good faith and reasonable grounds in disregarding the Act, Plaintiff is entitled to liquidated damages in an amount equal to unpaid wages.

WHEREFORE, for all work weeks in which Plaintiff, Africano was employed by Defendant, South Miami, and worked in excess of forty (40) hours in a work week, the Plaintiff demands judgment against Defendant, South Miami, for payment of overtime wages, an equal amount in liquidated damages, reasonable attorneys' fees, and costs of suit, and any and all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, Africano, submits this demand for jury trial for all issues triable of right by a jury pursuant to Rule 38, Fed. R. Civ. P.

>RONALD J. COHEN. P.A.
>Attorneys for Plaintiffs
>80 S.W. 8th Street
>Suite 1910
>Miami, Florida 33130
>Telephone: (305) 373-5288
>Facsimile: (305) 373-9919
>
>By: _____
>Teri Guttman Valdes
>Florida Bar No. 10741

C:\winnt\LLP\1999\990031\complaint.wpd

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

99-1151
CIV-DAVIS
MAGISTRATE JUDGE
BROWN

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Charles Wilson

## DEFENDANTS
American Welding Society, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

A: Dade 1:99cv1151/Davis/STB

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

NIGHT BOX FILED
APR 21 1999
CARLOS JUENKE
CLERK, USDC/SDFL/MIA

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Alexander Akpodiete  33130
28 W. Flagler St. 11th floor, Miami, FL

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(Place an X in one box for Plaintiff and one box for Defendant)

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

[Checkbox marked at 442 under A CIVIL RIGHTS]

## VI. CAUSE OF ACTION
Title VII and Florida Civil Rights Act

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

DATE: 4/21/99

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
$150.00  801177
10/22/99